This pro se petition seeking a refund of social security taxes is before the court on defendant’s motion to dismiss. We conclude that part of plaintiffs’ suit is barred by the statute of limitations and that we lack subject matter jurisdiction over the remainder of the claim. We therefore grant defendant’s motion to dismiss the petition.
Plaintiffs are not citizens of the United States, but lived in this country from 1971 until 1976. Dr. Ahmed was an exchange visitor to this country under a Ford Foundation Fellowship. During the years 1974 and 1975, Dr. Ahmed worked at the Albany State College in Albany, Georgia. Social security taxes were withheld from his salary by college officials.
For the period 1973-76, Mrs. Ahmed worked for the Henson Garments Company in Athens, Georgia. Social security taxes were withheld from her wages in each of these years.
Plaintiffs allege that as exchange visitors with permission to work within the United States they were exempt from the social security tax. Plaintiffs filed a claim with the Internal Revenue Service for refund of social security taxes withheld during the 1974 and 1975 tax years. The claim was denied by the Service by letters of May 11 and 12, 1976. Plaintiffs filed this petition on October 23, 1978. They ask for a refund of social security taxes withheld in the tax years 1973-76.
The portion of plaintiffs’ suit which involves the claim disallowed by the Service in May 1976 has not been filed in a timely manner. The Internal Revenue Code, 26 U.S.C. § 6532(a)(1), limits the time for bringing a tax refund suit to 2 years after the date of a mailing by certified mail of a notice of disallowance. Defendant’s records show that the notices of disallowance of plaintiffs’ claim for the 1974 and 1975 tax years were sent by certified mail on May 14, 1976. Since plaintiffs filed this suit more than 2 years and 5 *662 months after the mailing date, that portion of the suit is barred by the statute of limitations.
The remainder of plaintiffs’ suit, concerning the tax years 1973 and 1976, has not been the subject of a claim for refund filed with the Internal Revenue Service. Under I.R.C. § 7422(a) the filing of such a claim for refund is necessary to establish subject matter jurisdiction in this court. Thus, we cannot exercise jurisdiction over that part of plaintiffs’ suit which concerns the 1973 and 1976 tax years.
it is therefore ordered, based on the submissions of the parties, but without oral argument, that defendant’s motion to dismiss the petition is granted. The petition is dismissed.