Douglas R. **FAVELL**, Jr., et al., and consolidated and related cases, Plaintiffs,

v.

**UNITED STATES, Defendant.**

Nos. 525–76T, 531–76, 42–77, 43–77 and 122–77.

United States Claims Court.

Feb. 22, 1991.

See also 22 Cl.Ct. 132.

Charles L. Abrahams, La Mesa, Cal., attorney of record, for plaintiffs.

Benjamin C. King, Jr., Tax Div., Dept. of Justice, Washington, D.C., attorney of record, for defendant.

## ORDER

HORN, Judge.

These consolidated and related cases[1] are currently before the court pursuant to defendant's "Motion to Dismiss" certain portions of certain of the cases.[2] In its motion, defendant argues that the court should dismiss specific claims for refund, as listed in Appendix A, Tables 1, 2, 3, as amended, A, B, and 5 (attached to defendant's motion and included as Exhibit I to this Opinion), pursuant to Rule 12(b) of the Rules of the United States Claims Court. As grounds for dismissal, the defendant states that the court lacks jurisdiction over the subject matter of those particular claims, based on five, separate, jurisdictional defects.[3]

The five jurisdictional defects alleged by the defendant and the Tables in which they are listed are as follows: (1) Table 1 lists claims in lawsuits which were not filed within two years of the mailing of notices of disallowance, as is required by 26 U.S.C. § 6532(a) (1988); (2) Table 2 lists refund claims not filed within three years of payment of the tax, as is required by 26 U.S.C. § 6511(b)(2) (1988); (3) Table 3 lists claims which were not accompanied by a valid power of attorney for the specified year, as is required by Treas.Reg. § 301.6402-2(e) (as amended in 1977) and Internal Revenue Service Statement of Procedural Rules, 26 C.F.R. § 601.504(a) (1990); (4) Tables A and B list claims for refunds which are not referenced to these taxpayers or the years listed in the claim for refund filed by the plaintiff's counsel with the Internal Revenue Service (IRS), as is required by 26 U.S.C. § 7422(a) (1988), for this court to have jurisdiction over a suit to recover taxes paid; and, (5) Table 5 lists claims asserted in complaints for which the plaintiffs

---

1. Although defendant's Motion to Dismiss is captioned Douglas R. Favell, Jr., *et al.*, No. 525-76T, and consolidated cases, the contents of the defendant's motion also relates to claims in some of the non-consolidated, but related, hockey player, tax refund cases. The court, therefore, will address all the consolidated and related cases in this Order.

2. Although this court and the Clerk's Office of the United States Claims Court have tried over and over again to assist the plaintiffs' attorney to file the pleadings in these cases in accordance with the Rules of the United States Claims Court (RUSCC), due to defects in the plaintiffs' submissions, including both lateness and failure to follow the Rules of the Court, plaintiffs' responsive papers to defendant's motion remain unfiled.

3. Defendant, in Appendix A to its "Motion to Dismiss," included tables numbered 1 through 5, each respectively corresponding to one of the five jurisdictional defects asserted in its motion. However, defendant subsequently filed a "Mo-

tion For Leave to Supplement Defendant's Motion to Dismiss," requesting the court to grant leave to substitute Tables A and B attached to the second filing, in place of the original Table 4, which the court granted.

Defendant requested the substitution because when defendant filed the original "Motion to Dismiss," it did not have a copy of a February 15, 1973 protest filed by Mr. Abrahams with the IRS. The defendant argues, however, that the 1973 protest filed by Mr. Abrahams cannot substitute as a timely amendment to certain of the claims listed in Table 4 of Appendix A to defendant's "Motion to Dismiss." Defendant, therefore, nonetheless, seeks to dismiss the claims for the tax years detailed in Tables A and B, which amend the original Table 4.

Defendant also moved for leave to supplement its filings on November 13, 1990. In this filing, the defendant supplemented Table 3 by adding page A12 to Table 3, which, according to the defendant, had been inadvertently left out of the earlier submission. The court granted the defendant's request, and page A12 was added to Table 3 of the defendant's filing.

never filed a claim for refund with the IRS, as is required by 26 U.S.C. § 7422 (1988).

After a careful review of the record and the relevant statutes, regulations, and case law, this court concludes that the facts and the law support the defendant's Motion to Dismiss the claims listed by the defendant on the five, alleged jurisdictional defects. Therefore, the defendant's motion is, hereby, GRANTED.

## FACTS

Two-hundred and thirty-one (231) cases, some consolidated, some related, are presently pending before this court in which plaintiffs, professional hockey players, and in some cases, their spouses, are seeking refunds of income taxes. All the suits set forth the same grounds for recovery, and were filed between 1976 and 1990.[4]

After more than fourteen years, and extensive prior litigation, defendant filed the present motion for partial dismissal on September 20, 1989, which it amended, most recently by motion in November, 1990. Because plaintiffs' counsel had failed to respond to defendant's "Motion to Dismiss" and to many other outstanding filing dates, this court held a status conference on July 2, 1990, to discuss the reasons for plaintiff's delay in filing opposition papers, and to set out a formal schedule for future actions pertaining to these cases. At the July 2, 1990, status conference, in an attempt to give the plaintiffs yet one last chance to file responses to the outstanding

pleadings, despite plaintiffs' attorney's past, patent disregard for due dates and for the other Rules of the United States Claims Court, the court carefully reviewed the status of each of the cases and set a final, non-extendable, due date for plaintiffs' response to defendant's Motion to Dismiss. After that conference, the court issued an Order, dated July 5, 1990, stating the following:

1. On or before July 31, 1990, the plaintiff's counsel, if he so chooses, is to respond to any and all outstanding motions, or to notify the court that he does not intend to respond.

2. On or before September 28, 1990, the plaintiffs are to comply with any and all of the outstanding discovery requests already served upon the plaintiffs.

3. The plaintiffs are further admonished to respond to all future motions and discovery requests in accordance with the Rules of the United States Claims Court.

At the status conference, and in the Order issued July 5, 1990 to memorialize the directions issued at the status conference, the court explicitly stated and emphasized that no further extensions would be granted.

Although plaintiff's counsel tried to file some responsive papers, they were submitted late and they remain unfiled due to repeated, and, in some cases, as yet, still uncorrected, defects in the submissions, in-

---

4. The first five of these related cases were filed with the predecessor to this court, the United States Court of Claims, between December 20, 1976 and March 3, 1977. After the enactment of the Federal Courts Improvement Act of 1982, the United States Claims Court inherited the cases pending before the United States Court of Claims, including the related cases in this action.

The Honorable Philip R. Miller, of the United States Claims Court, presided over these cases until his retirement. During this time, 189 additional, related cases were filed. Upon Judge Miller's retirement, all such cases were transferred to this Judge. Since then, 37 more tax, refund cases have been brought, bringing the total number of related cases to 231.

The disposition of these cases has been delayed by the complexity of the issues, the large number of plaintiffs, the plethora of supporting

documents filed in the cases, the need for successive judges to become familiar with the filings, and the many lengthy requests by both parties for extensions of time in order to file motions and to prepare for the trial that Judge Miller had scheduled and then postponed.

In *Favell v. United States*, 16 Cl.Ct. 700 (1989), this court denied plaintiff's Motion for Partial Summary Judgment and granted the Cross–Motion of the United States for partial summary judgment. The court held that the plaintiffs, non-resident aliens, are not entitled to exclude from United States tax liability income payments alleged to be attributable to activities in which they engaged during the off-season in Canada. The court stated that the requirement that the plaintiff hockey players arrive at training camp in good physical condition is a contractual condition, not an obligation or promise of the player. *Id.* at 726.

cluding errors in the format of the attempted filing and the submission of the documents without the required signature of the attorney of record, Mr. Abrahams. Although when the responsive motion was submitted to the court, the certificate of service accompanying the responsive papers was signed, the motion accompanying it was unsigned by the attorney of record. Yet, despite the fact that the plaintiffs' attorney remained in California and mailed the documents for filing by network courier, after the signature defect was pointed out to the plaintiffs' counsel, the document was suddenly resubmitted for filing with the Clerk's Office, newly formatted, and in what the court can only conclude was insufficient time for mailing the documents back and forth.

The events surrounding plaintiffs' attorney's attempted filings were confusing, at best. It is clear, however, that on the appointed, due date, July 31, 1990, the Clerk's Office of the United States Claims Court did not have perfected papers ready for filing. Further extensions of time to file his papers, requested by Mr. Abrahams on August 8, 1990, in a Motion to File Out of Time," were denied by the court. The court had made the due dates abundantly clear to Mr. Abrahams and had previously extended plaintiffs' counsel every opportunity to clarify the status of each of the cases at issue and to respond to any open motions.

## DISCUSSION

The defendant argues that the five separate jurisdictional defects prevent this court from exercising subject matter jurisdiction over those counts of the plaintiffs' complaints, enumerated separately each in defendant's Tables 1, 2, 3, as amended, A, B, and 5. A copy of the defendant's Tables, as submitted in its Appendix A, is attached to this Order, as Exhibit I. These Tables, submitted by the defendant, list the case name, tax year, type of alleged defect, paragraph of the complaint, exhibit number and paragraph number of the proposed finding of fact submitted by the plaintiffs.

Defendant's Appendix B, which is comprised of Volumes 1 & 2, contains exhibits numbered 1 to 131. These exhibits are copies of relevant claims for refund, notices of disallowance of refund, powers of attorney and tax returns. The defendant references these exhibits to support its allegations of existing, jurisdictional defects for each of the counts listed in the tables in Appendix A. Appendix B also contains a sworn to Declaration of Benjamin C. King, Jr., the defendant's trial attorney, stating that the documents attached as exhibits in Appendix B to the defendant's Motion to Dismiss are "true and accurate copies of documents contained in the Internal Revenue Service files under his custody." Referencing the supporting documents, included in Appendix B, Volumes 1 & 2, defendant argues that the plaintiffs listed have failed to file the referenced claims included in their Complaints in accordance with the Internal Revenue Code and governing regulations which implement the Code.

When deciding a motion to dismiss, which is based on a challenge to the jurisdiction of the court, the court must reach its decision based on the evidence presented to it by the parties. The criteria for deciding a motion to dismiss are clearly different than those utilized by a judge following a trial, after which the fact finder has the benefit of evidence presented through the use of witnesses and authenticated documents. The criteria are also different than when resolving a motion for summary judgment, supported by sworn affidavits and authenticated documents. The judge's dilemma when deciding a motion to dismiss in a complicated situation, such as is presented by these hockey cases, is to sift through the allegations in the complaints and the assertions in defendant's motion to dismiss.

The Supreme Court has clearly articulated, and the United States Court of Appeals for the Federal Circuit has explicitly adopted, a standard for how courts should weigh evidence presented in a complaint, when deciding a motion to dismiss, as follows:

Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader.

*Scheur v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed.Cir.1989).

The Court of Appeals for the Federal Circuit has indicated that if a motion to dismiss for lack of subject matter jurisdiction brings a challenge to the truth of the jurisdictional facts alleged in the complaint, the trial court may also consider relevant evidence in order to resolve disputed facts. *Reynolds v. Army & Air Force Exchange*, 846 F.2d 746, 747 (Fed.Cir.). When the facts alleged in the plaintiffs' Complaints are challenged, the burden is on the plaintiff to establish jurisdiction, *Burgess v. United States*, 20 Cl.Ct. 701, 703 (1990).

The first jurisdictional defect asserted by the defendant is that the claims included in the paragraphs listed in Table 1 of defendant's Appendix A were not filed within the time limits provided in 26 U.S.C. § 6532 (1988). Specifically, this section provides that a suit to recover tax money may not be filed after two years from the date of mailing by the Secretary of the notice of disallowance. It states:

No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

26 U.S.C. § 6532(a)(1).

The two year statute of limitations set forth in 26 U.S.C. § 6532(a)(1) has been strictly construed for many years. *See,*

*e.g., Ahmed,* 219 Ct.Cl. 660 (1979); *Griffin v. United States,* 17 Cl.Ct. 196, 198 (1989).

To support its allegations, the defendant cites defendant's Appendix B, Volume I, exhibits 1A through 20B, which contain copies of notices of disallowance of the refund claims and the dated, first page of the petition filed in the United States Court of Claims for each claim of the plaintiffs listed in Table 1. After careful review of each of these notices of disallowance and petitions, the court finds that, as suggested by the defendant, the claims listed in Table 1 were filed more than two years after the mailing of the notice of disallowance. Therefore, in accordance with the requirements of 26 U.S.C. § 6532, they are, hereby, dismissed.

The second jurisdictional defect asserted by the defendant is that the paragraphs listed in the Complaints listed in Table 2 of defendant's Appendix A do not meet the requirements of 26 U.S.C. § 6511(b)(2)(A), which limits the amount of refund a taxpayer can receive to the amount of tax paid during the three years previous to the time the refund claim was filed. Section 6511(b)(2)(A) provides:

If the claim was filed by the taxpayer during the 3–year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim.

26 U.S.C. § 6511(b)(2)(A).

Withholding taxes of non-resident aliens are deemed to have been paid on the last date the return is due. 26 U.S.C. § 6513(b)(3). The taxes of non-resident aliens whose wages are subject to withholding are due on the April 15th following the end of the taxable year. 26 U.S.C. § 6072(a); 26 U.S.C. 6071; 26 C.F.R. § 1.6072–1 (1990). If the relevant April 15 falls on a Saturday or Sunday, the taxes

are due on the following day which is not a Saturday, Sunday, or legal holiday. 26 U.S.C. 7503. If the tax return is filed early, it does not affect the deemed, payment date. 26 U.S.C. § 6513(c).

The defendant asserts that the court is prevented from considering the claims included in Table 2 because each of these claims were filed over three years after the dates the plaintiffs were deemed to have paid their taxes by withholding. 26 U.S.C. § 6511(b)(2)(A). The defendant sets forth exhibits 21A to 46B of defendant's Appendix B, Volume I, to support its allegations that the claims in Table 2 do not comply with 26 U.S.C. § 6511(b)(2)(A). These exhibits contain copies of the tax returns showing that the tax was paid by withholding, the claims for refund, bearing postmark dates, the envelope in which the refund was mailed, and the notices of disallowance, giving as the reason that the claim was not filed within 3 years, for the claims of the plaintiffs listed in Table 2.

In cases such as the instant ones in which taxes have been paid by means of withholding, it is necessary to compute the time lapse between the date the taxes were deemed paid and the date the claims were filed. The general requirement for the completion of filing claims is that the claim be physically delivered to the I.R.S. *Buttke v. United States,* 13 Cl.Ct. 191, 192 (1987); *see also, United States v. Lombardo,* 241 U.S. 73, 76, 36 S.Ct. 508, 509, 60 L.Ed. 897 (1916); *H.S. & H. Ltd of Columbia Ill. v. United States,* 18 Cl.Ct. 241, 244–245 (1989) (discussing the physical delivery rule and its exceptions). There are two, recognized statutory exceptions to the physical delivery rule included in 26 U.S.C. § 7502 (1988). First, this section provides that the United States postmark stamped on the envelope "shall be deemed to be the date of delivery ..." when an I.R.S. code section provides a filing deadline and a document is delivered by United States mail to the office after the deadline date. 26 U.S.C. § 7502. This mailbox rule applies only when the document is received by the I.R.S. after the statutory period. *See Miller v. U.S.,* 784 F.2d 728 at 730 (6th Cir.1986). Second, 26 U.S.C. § 7502 carves

out an exception to the physical delivery rule by stating that if a document is sent by registered mail, the registration is *prima facie* evidence that the document was delivered to the office to which it was addressed, and that such registration date is deemed to be the delivery date. 26 U.S.C. § 7502(c)(1).

Neither of these two exceptions to the physical delivery rule saves the claims in the paragraphs of the complaints listed in defendant's Table 2. As for the first exception, the defendant has offered evidence that these claims arrived at the I.R.S. office after the due date of the taxes at issue and that the postmarks were dated later than April 15th of the third year after the taxes were paid. Plaintiff has failed to refute defendant's proof of untimeliness. Moreover, the second exception does not apply since there is no evidence that any of the disputed claims were sent by registered mail.

The court has reviewed the statutes, treasury regulations and relevant case law and has carefully analyzed defendant's exhibits 21A to 46B in Appendix B, Volume 1. The court, therefore, dismisses the paragraphs in the complaints listed in Table 2 because, as asserted by the defendant, the claims included in Table 2 were filed more than 3 years after the date of the payment of the tax.

■ The third jurisdictional defect alleged by the defendant is that the paragraphs included in the complaints listed in Table 3 of defendant's Appendix A, as amended, were filed in violation of Treas. Reg. § 301.6402-2(e), which requires that a valid power of attorney accompany a claim which is signed by someone other than the taxpayer. Defendant asserts that some of the claims in Table 3 fail to comply with this section because they were filed without a valid power of attorney, and that others do not comply because the power of attorney which accompanied the claim, when filed, was not valid for the tax year for which refund was sought. Treas.Reg. § 301.6402-2(e) states:

... A claim may be executed by an agent of the person assessed, but in such case

a power of attorney must accompany the claim.

Treas.Reg. § 301.6402–2(e). Moreover, the Internal Revenue Practice, Statement of Procedural Rules, 26 C.F.R. § 601.504(a) specifies that the power of attorney must state specifically the tax year for which the power is given.

In *Estate of Oldham v. Campbell*, 217 F.Supp. 819 (N.D.Tex.1963), the court stated that "[i]t is ... settled that if the claim is not filed by the taxpayer himself, the person purporting to act for him must file with the Internal Revenue Service an adequate power of attorney evidencing his authority to act in the matter." *Id.* at 824.

To support its claims that the absence of valid powers of attorney must defeat plaintiffs' claims, the defendant refers to exhibits 48A to 95 in Appendix B, Volume 2, which contain copies of the refund claims and those powers of attorney included by plaintiffs' attorney for the claims of the plaintiffs listed in Table 3. In its Motion to Dismiss, the defendant alleges that the claims for refund were accompanied by a power of attorney

> which was invalid because it was originally executed for an earlier tax year and had been altered to include the year in question.... In those cases the later tax year was apparently typed onto a copy of the earlier power of attorney. No new power of attorney was apparently executed authorizing Mr. Abrahams to file a claim for refund for that year. This alteration is evident when the power of attorney for the earlier year is compared with the one filed with the refund claim for the year in question. The two documents are exactly alike, except for the listing of the later year, which often is done in different type.

The court has carefully compared the powers of attorney for the earlier years with the one for the years at issue, all of which were attached by defendant as exhibits in Volume 2 of Appendix B to defendant's Motion to Dismiss. (See Exhibit II to this Order, which, after close examination, includes notations by the court regarding the validity of each power of attorney included in defendant's Table 3, as amended.) Since the plaintiffs have failed to prove the validity of these disputed powers of attorney, in light of defendant's allegations contained in its Motion to Dismiss, and because it is apparent that plaintiffs' attorney appears to have made no effort to cure the defects during the more than 14 years during which this litigation has been in these courts, the claims referred to in defendant's Table 3, as amended, should be dismissed.

Upon close examination of the records, it appears that the plaintiffs' powers of attorney discussed in Exhibit II to this Order have suffered at the hand of manipulation by white out, photocopying, and/or subsequent insertion of later dates and crossing out and/or stamping in a new address for plaintiffs' attorney, Mr. Abrahams. Without contrary information, which plaintiffs' counsel has failed to supply (even in the material he attempted to, but failed to file with the court in response to defendant's motion), the exhibits supplied by the defendant, are sufficient to convince this court that the defendant should prevail.

The claims for refund for the cases and years listed in Table 3, as amended, were signed by Mr. Abrahams, not the plaintiff taxpayers. There is no evidence in the record to refute defendant's allegations that the powers of attorney, for the contested plaintiffs and the contested years, were not filed at the time the claims were filed, or that the plaintiffs, themselves, executed a power of attorney for the relevant years in order to allow Mr. Abrahams to file the claims listed in Table Three, as amended. Moreover, these defects remained uncorrected, in some cases for more than 14 years from the date of filing, and were still not corrected, even during the most recent, and generous, final, extended opportunity which the court clearly stated would end on July 31, 1991. The court, therefore, grants defendant's motion to dismiss with respect to the claims listed in Table Three, as amended, due to the

failure to file valid powers of attorney, as required by Treas.Reg. § 301.6402–2(e).[5]

■ The fourth jurisdictional defect alleged by the defendant is that the paragraphs identified in the plaintiffs' Complaints listed in Tables A and Table B, of defendant's Appendix A, originally submitted by Defendant as Table 4 and then amended by Tables A and B, may not be considered by this court because they include, for the tax years listed therein, claims for refunds of allegedly deductible travel expenses that were not set forth as deductions in the claims for refund filed with the I.R.S. by those taxpayers for the respective tax years. 26 U.S.C. § 7422(a) states:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Furthermore, Treas.Reg. § 301.6402–2(b)(1) (as amended in 1977) states:

> No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefor except upon one or more

of the grounds set forth in a claim filed before the expiration of such period. The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof.

This regulation prevents a taxpayer plaintiff from varying substantially at trial the factual bases of its arguments from those arguments set forth in the refund claims he/she presented to the I.R.S. *Ottawa Silica Co. v. United States,* Court of Claims, unpublished opinion, April 7, 1982, *aff'd per curiam,* 699 F.2d 1124, 1138 (Fed. Cir.1983); *N.C. Citizens for Business & Industry v. United States,* 18 Cl.Ct. 106, 117 (1989); *Northern Illinois Gas Co. v. United States,* 12 Cl.Ct. 84, 90 (1987); *Union Carbide Corp. v. United States,* 222 Ct.Cl. 75, 90, 612 F.2d 558, 566 (1979); *Cook v. United States,* 220 Ct.Cl. 76, 86–87, 599 F.2d 400, 406 (1979). Table A lists six plaintiffs (Leslie J. and Elinore Binkley, 420–77; Gary B. Bredin, 421–77; Russell H. and Diana Gillow, 423–77; Brian J. Glenwright, 259–77; Lucien S.J. Grenier, 222–77; and Larry D. McNabb, 302–77), whose claims are subject to dismissal for variance from the claim filed with the I.R.S. because the legal and factual allegations supporting the claims for "team city expenses" were not set forth in claims for refund filed with the I.R.S. The claims of these six plaintiffs must be dismissed.

---

**5.** The court notes that the evidence set forth by the defendant for the dismissal of the claims of the following plaintiffs may be marginally less clear.

(1) Robert J. & Kathleen LeDuc (Defendant's Appendix B, Volume 2, Exhibit 72A, B, C, D, E)

(2) Jack W. Norris (Defendant's Appendix B, Volume 2, Exhibit 81A, B, C, D, E)

(3) Matthew J. Ravilich (Defendant's Appendix B, Volume 2, Exhibit 84A, B, C)

(4) Joyce Schultz (Defendant's Appendix B, Volume 2, Exhibit 87A, B, C)

(5) James A. Watson (Defendant's Appendix B, Volume 2, Exhibit 92A, B, C)

However, the court finds that there is sufficient reason to believe that the power of attorney for the relevant, later year(s) in each case was altered for that later year or years from a power of attorney signed by the plaintiff for an

earlier tax year. First, the later year is added in different typeset to what appears to be an earlier power of attorney for each of these five plaintiffs. Second, the date of the signatures of the plaintiffs are the same on both the original and the allegedly altered powers of attorney for the following plaintiffs: Robert J. and Kathleen LeDuc, Jack W. Norris, Matthew J. Ravilich, and James A. Watson.

Moreover, in response to the allegations contained in defendant's Motion to Dismiss, the plaintiffs have failed to meet their burden to offer evidence supporting the validity of these allegedly, defective powers of attorney. Therefore the court believes that the unopposed evidence set forth by the defendant supports the dismissal of the claims of the above five plaintiffs for the years set forth in defendant's Appendix A, Table 3, as amended, as well as for the other claims challenged in defendant's Motion to Dismiss.

On February 15, 1973, Mr. Abrahams filed a protest with the national office of the I.R.S. The February, 1973 protest may be considered to constitute an informal amendment to some of the earlier claims for refund. Proper informal refund claims have long been accepted by the courts. *Arch Engineering Co. v. United States*, 783 F.2d 190 (Fed.Cir.1986). But, even assuming a valid informal refund claim filed on behalf of these taxpayers, a taxpayer cannot amend his refund claim, with an informal refund claim or otherwise, to set forth a new ground for refund not asserted in the original claim after the statute of limitations has expired. *United States v. Andrews*, 302 U.S. 517, 527, 58 S.Ct. 315, 320, 82 L.Ed. 398 (1938); *Arnold v. United States*, 19 Cl.Ct. 521 (1990); *Winchester Mfg. Co. v. United States*, 25 F.Supp. 102, 109 (1938), *cert. denied*, 308 U.S. 621, 60 S.Ct. 298, 84 L.Ed. 518 (1939).

Section 6511(b)(2)(A) states that any claim for refund must be filed within three years from the time the return was filed. The court notes that the informal protest was filed during February, 1973, which was more than three years after the plaintiffs listed in Table B paid their taxes at issue for the years 1967 and 1968. Since the statute of limitations bars the application of the informal amendment to the refund claims listed in Table B, the court dismisses the claims listed therein.

The fifth jurisdictional defect asserted by the defendant is that, for the enumerated paragraphs in Table 5 of defendant's Appendix A, there was no claim for refund filed with the I.R.S. before the institution of the lawsuits. It is quite clear that for this court to have jurisdiction over a tax refund case pursuant to 26 U.S.C. § 7422, the plaintiff first must have filed a claim for refund with the I.R.S.. In *United States v. Felt & Tarrant Mfg. Co.*, 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025 (1931), the United States Supreme Court stated that "[t]he filing of a claim or demand as a prerequisite to a suit to recover taxes paid is a familiar provision of the revenue laws, compliance with which may be insisted upon by the defendant ..." *Id.* at 272, 51 S.Ct. at 377; *accord Arch Engineering v. United States*, 783 F.2d at 190; *Terry J. Hatter v. United States*, 21 Cl.Ct. 786, 787–88 (1990).

In the Declaration of Benjamin C. King, Jr., attorney for the defendant, submitted on the personal knowledge of Mr. King, in support of defendant's Motion to Dismiss, Appendix B, Volume 2, Exhibit 131, defendant's attorney states that he carefully reviewed the files of the I.R.S., relating to the taxpayers and tax years at issue in Table 5, of which he had possession, and found no indication in those files of any claims or receipt of such claims by the I.R.S. for refund for the plaintiffs and years noted in Table 5. He further states that he reviewed each file, and did not find any formal or informal claim for refund for those taxpayers for the years in question as listed in Table 5, nor any record of the I.R.S. receiving any such claim for refund. Moreover, there is nothing in the record to refute defendant's assertion that no claims for refund were filed for the plaintiffs in the years listed in Table Five. Therefore, defendant's motion to dismiss the claims listed in Table Five is granted.

## CONCLUSION

The court has thoroughly reviewed the statutes, regulations and case law relevant to defendant's Motion to Dismiss, and has carefully analyzed the exhibits filed with the court. For the reasons discussed above, the defendant's Motion to Dismiss is, hereby, GRANTED, as to those claims filed by or on behalf of the plaintiffs in these actions listed in Tables 1, 2, 3, as amended, A, B and 5, attached to this Opinion as Exhibit I.

IT IS SO ORDERED:

**EXHIBIT I TO COURT ORDER DATED FEBRUARY 22, 1991**
DOUGLAS R. FAVELL, JR., et al.,
No. 525–76T, et al.

Table 1
Suit not filed within 2 years of mailing of the notice of disallowance by the Internal Revenue Service as required by 26 U.S.C., Section 6532(a).

| Case Name | Tax Year | Paragraph of Complaint | Exhibits | Proposed Findings |
|---|---|---|---|---|
| Ronald J. Boehm 521–76 | 1968 | 9 | 1 | 1 |
| Wayne R. & Mary J. Chrrsler 97–82 | 1975 | 9 | 2 | 2 |
| Wesley R. Clearwater 117–78 | 1971 | 9 | 3 | 3 |
| Paul E. Curtis 221–77 | 1970 | 9 | 4 | 4 |
| David J. & Cynthia D.B. D'Errico 563–87 | 1980 | 9 | 5 | 5 |
| Germain & Rejeanne Gagnon 470–82 | 1974 | 9 | 6 | 6 |
| Brian J. Glenwright 259–77 | 1971 | 9 | 7 | 7 |
| Lucien S.J. Grenier 222–77 | 1970 | 9 | 8 | 8 |
| Michael Keeler 118–78 | 1971 | 8 | 9 | 9 |
| Gordon W. Labossiere 120–78 | 1969 | 9 | 10A, 10C | 10 |
|  | 1971 | 9 | 10B, 10C | 11 |
| Norman R. Legge 121–78 | 1971 | 9 | 11 | 12 |
| Duncan S. McCallum 95–78 | 1969 | 9 | 12 | 13 |
| James B. McLeod 301–77 | 1971 | 9 | 13 | 14 |
| Neils R. Mortenson 122–78 | 1971 | 9 | 14 | 15 |
| Harold R. Myers 537–76 | 1968 | 9 | 15 | 16 |
| Marcel Paille 140–78 | 1969 | 9 | 16 | 17 |
| Dennis G. Patterson 223–77 | 1970 | 9 | 17 | 18 |
| Robert N. & Linda G. Poffenroth 33–78 | 1971 | 8 | 18 | 19 |
| Matthew J. Ravlich 141–78 | 1970 | 9 | 19 | 20 |

| Case Name | Tax Year | Paragraph of Complaint | Exhibits | Proposed Findings |
|---|---|---|---|---|
| Nicolas & Renee Rohmann 268–89 | 1980 | 9 | 20 | 21 |

---

## Table 2

Refund claim not filed within 3 years of payment of tax as required by 26 U.S.C., Section 6511(b)(2).

| Case Name | Tax Year | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|
| Terry J. & Leslie A. Ball 246–80 | 1974 | 9 | 21A,B,C,D,E | 22,23,24 |
| Bruce J. Bullock 150–82 | 1976 | 9 | 22A,B,C | 25,26,27 |
| Germain & Rejeanne Gagnon 470–82 | 1976 | 9 | 23A,B | 28,29 |
| Ronald V. & Geneive Garwasiuk 117–82 | 1976 | 9 | 24A,B,C | 30,31,32 |
| William J. & Jeris K. Inglis 341–82 | 1976 | 9 | 25A,B,C | 33,34,35 |
| Ronald & Linda M. Jones 151–82 | 1976 | 9 | 26A,B,C | 36,37,38 |
| Forbes T. & Marie Kennedy 402–83 | 1975 | 8 | 27A,B | 39,40 |
| Gary D. & Kathy A. Kurt 249–80 | 1974 | 9 | 28A,B,C,D,E | 41,42,43 |
| Yvon J. & Janice L. Labre 152–82 | 1976 | 9 | 29A,B,C | 44,45,46 |
| Jean G. & Patricia E. Lagace 153–82 | 1976 | 9 | 30A,B,C | 47,48,49 |
| Mark W. & Janice M. Lomenda 118–82 | 1976 | 9 | 31A,B | 50,51 |
| Richard A. & Micheline Mattiussi 119–82 | 1976 | 9 | 32A,B,C | 52,53,54 |
| Wayne & Maxine Muloin 509–82 | 1976 | 9 | 33A,B | 55,56 |
| James L. & Patricia A. Niekamp 250–80 | 1974 | 9 | 34A,B,C,D,E | 57,58,59 |

| Case Name | Tax Year | Paragraph of Complaint | <u>Exhibits</u> | Proposed Finding |
|---|---|---|---|---|
| Simon & Pasqueline Nolet 154–82 | 1974 | 9 | 35A,B | 60,61 |
|  | 1976 | 9 | 36A,B,C | 62,63,64 |
| Eugene M. & Dianne V. Peacosh 155–82 | 1976 | 9 | 37A,B,C | 65,66,67 |
| Richard P. & Margaret Proceviat 98–82 | 1975 | 9 | 38A,B | 68,69 |
|  | 1976 | 9 | 39A,B,C | 70,71,72 |
| Fernand J. & Ruth Rivard 28–77 | 1972 | 9 | 40A,B | 73,74 |
| 245–80 | 1974 | 9 | 41A,B,C, D,E | 75,76,77 |
| Patrick D. & Sandra L. Westrum 252–80 | 1974 | 9 | 42A,B,C | 78,79,80 |
| William E. & Gail M. White 348–82 | 1974 | 9 | 43A,B | 81,82 |
|  | 1976 | 9 | 44A,B | 83,84 |
| Robert Whitlock 116–82 | 1976 | 9 | 45A,B,C | 85,86,87 |
| Damon Babcock 727–83 | 1974 | 9 | 46A,B | 88,89 |

---

### Table 3

No valid power of attorney accompanying the refund claim as required by Treasury Regulation 301.6402–2(e).

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | <u>Exhibits</u> | Proposed Finding |
|---|---|---|---|---|---|
| David A. Amadio 192–77 | 1971 | Altered | 9 | 48A,B,C | 90 |
| Ronald Anderson 136–78 | 1971 | None | 8 | 47,96 | 91 |
| Paul Andrea 518–76 | 1971 | Altered | 9 | 49A,B,C | 92 |
| Terry J. & Leslie A. Ball 246–80 | 1974 | Altered | 9 | 50A,B,C | 93 |
|  | 1975 | None | 9 | 47,97 | 94 |
| Douglas R. Barrie 53–77 | 1971 | Altered | 9 | 51A,C,D | 95 |
| Curt A. & Susan C. Bennett 5–77 | 1971 | Altered | 9 | 52A,B,C | 96 |

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Nicholas G. & Joanne Beverley 520–76 | 1970 | Altered | 9 | 53A,B,D | 97 |
| | 1971 | Altered | 9 | 53A,C,E | 98 |
| Wayne R. Bianchin 347–82 | 1975 | None | 8 | 47,98 | 99 |
| Lawrence I. Bignell 32–78 | 1971 | Altered | 10 | 54A,B,C | 100 |
| John D. Blackburn 40–77 | 1971 | None | 9 | 47,99 | 101 |
| Ronald J. Boehm 521–76 | 1971 | Altered | 9 | 55A,B,C | 102 |
| Bruce J. Bullock 150–82 | 1975 | None | 9 | 47,100 | 103 |
| Lawrence & Elaine Cahan 422–77 | 1971 | Altered | 9 | 56A,B,C | 104 |
| Bryan A. Campbell 123–77 | 1971 | Altered | 9 | 57A,B,C | 105 |
| Richard & Dianne Charron 23–77 | 1972 | Altered | 10 | 58A,B,C | 106 |
| Wesley R. Clearwater 117–78 | 1971 | Altered | 9 | 59A,B,C | 107 |
| Roger N. Cote 124–77 | 1971 | Altered | 9 | 60A,B,C | 108 |
| Douglas R. & Carolyn Favell 526–76 | 1971 | Altered | 9 | 61A,B,C | 109 |
| Germain & Rejeanne Gagnon 470–82 | 1974 | None | 9 | 47,101 | 110 |
| | 1975 | None | 9 | 47,102 | 111 |
| Ronald V. & Geneive Garwasiuk 117–82 | 1975 | None | 9 | 47,103 | 112 |
| Brian J. Gibbons 93–78 | 1971 | Altered | 9 | 62A,B,C | 113 |
| Lucien S.J. Grenier 222–77 | 1971 | None | 9 | 47,104 | 114 |
| Larry J. & Alixe M. Hale 95–77 | 1971 | None | 9 | 47,105 | 115 |
| Edward A. & Margaret C. Hoekstra 562–82 | 1973 | Altered | 9 | 63A,B,C | 116 |
| | 1974 | Altered | 9 | 63A,B,D | 117 |
| Ronald E. & Joanne K. Huston 342–82 | 1974 | None | 9 | 47,106 | 118 |
| | 1975 | None | 9 | 47,107 | 119 |

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Michael Hyndman 537–83 | 1974 | Altered | 9 | 64A,B,C | 120 |
| William J. & Jeris K. Inglis 341–82 | 1973 | None | 9 | 47,108 | 121 |
| | 1975 | None | 9 | 47,109 | 122 |
| Edward Irvine 233–77 | 1971 | Altered | 9 | 65A,B,C | 123 |
| Norman J. & Jo Anne Johnson 24–77 | 1971 | Altered | 9 | 66A,B,C | 124 |
| Joseph B. & Lynda L. Junkin 429–77 | 1971 | Altered | 9 | 67A,B,C | 125 |
| | 1973 | None | 9 | 47,110 | 126 |
| Gordon C. Kannegiesser 226–78 | 1970 | None | 9 | 47,111 | 127 |
| Dennis J. Kassian 125–77 | 1971 | Altered | 9 | 68A,B,C | 128 |
| John R. Kelly 94–78 | 1973 | Altered | 9 | 69A,B,C | 129 |
| Philip Krake 283–77 | 1970 | None | 9 | 47,112 | 130 |
| | 1971 | None | 9 | 47,113 | 131 |
| Gary D. & Kathy A. Kurt 249–80 | 1973 | Altered | 9 | 70A,B,D | 132 |
| | 1974 | Altered | 9 | 70A,C,E | 133 |
| Gordon W. Labossiere 120–78 | 1971 | Altered | 9 | 71A,B,C | 134 |
| Yvon J. & Janice L. Labre 152–82 | 1975 | None | 9 | 47,114 | 135 |
| Robert J. & Kathleen LeDuc 7–77 | 1970 | Altered | 9 | 72A,B,D | 136 |
| | 1971 | Altered | 9 | 72A,C,E | 137 |
| William A. Lesuk 528–76 | 1971 | Altered | 9 | 73A,B,C | 138 |
| Mark W. & Janice M. Lomenda 118–82 | 1976 | None | 9 | 74A,B,C | 139 |
| Gilles Marotte 531–76 | 1971 | Altered | 9 | 75A,B,C | 140 |
| Richard A. & Micheline Mattiussi 119–82 | 1971 | None | 9 | 47,115 | 141 |
| | 1973 | None | 9 | 47,116 | 142 |
| Duncan S. McCallum 95–78 | 1973 | None | 9 | 47,117 | 143 |
| Ray O. McKay 532–76 | 1972 | None | 9 | 47,118 | 144 |

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Donald Mcleod 533–76 | 1972 | Altered | 9 | 76A,B,C | 145 |
| 347–89 | 1973 | None | 8 | 47,119 | 146 |
| Berry Merrell 145–77 | 1971 | Altered | 9 | 77A,B,C | 147 |
| Larry R. Mickey 535–76 | 1970 | None | 9 | 47,120 | 148 |
| James S. Morrison 304–77 | 1971 | Altered | 9 | 78A,B,C | 149 |
| Wayne & Maxine Muloin 509–82 | 1976 | None | 9 | 47,121 | 150 |
| Neils R. Mortenson 122–78 | 1971 | Altered | 9 | 79A,B,D | 151 |
|  | 1973 | Altered | 9 | 79A,C,E | 152 |
| Terry R. Murray 228–78 | 1972 | None | 9 | 47,122 | 153 |
| Neil A. Nicholson 86–77 | 1971 | Altered | 9 | 80A,B,C | 154 |
| Jack W. Norris 58–77 | 1970 | Altered | 9 | 81A,B,D | 155 |
|  | 1971 | Altered | 9 | 81A,C,E | 156 |
| Marcel Paille 140–78 | 1971 | Altered | 9 | 82A,B,D | 157 |
|  | 1973 | Altered | 9 | 82A,C,E | 158 |
| Eugene M. & Dianne V. Peacosh 155–82 | 1976 | None | 9 | 47,123 | 159 |
| Robert N. & Linda G. Poffenroth 33–78 | 1971 | None | 8 | 47,124 | 160 |
| Tracy A. Pratt 59–77 | 1971 | None | 9 | 47,125 | 161 |
| Gary Noel Price 27–77 | 1970 | Altered | 9 | 83A,83B,83C | 162 |
| Richard F. & Maragret Proceviat 98–82 | 1973 | None | 9 | 47,126 | 163 |
| Matthew J. Ravilich 141–77 | 1971 | Altered | 9 | 84A,84B,84C | 164 |
| Fernand J. & Ruth Rivard 28–77 | 1970 | Altered | 9 | 85A,85B,85D | 165 |
|  | 1972 | Altered | 9 | 85A,85C,85E | 166 |
| Wayne A. & Sharyn Rutledge 31–77 | 1970 | Altered | 9 | 86A,86B,86D | 167 |
|  | 1971 | Altered | 9 | 86A,86C,86E | 168 |

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Wayne and Joyce Schultz 21–78 | 1971 | Altered | 9 | 87A,87B,87C | 169 |
| Robert A. & Karen Sneddon 33–77 | 1971 | Altered | 9 | 88A,88B,88C | 170 |
| Harold E. Snell 41–77 | 1971 | None | 9 | 47,127 | 171 |
| Francis W. Speer 43–77 | 1969 | Altered | 9 | 89A,89B,89D | 172 |
|  | 1971 | Altered | 9 | 89A,89C,89E | 173 |
| Peter & Gail Stemkowski 482–86 | 1973 | Altered | 9 | 90A,90B,90D | 174 |
|  | 1974 | Altered | 9 | 90A,90C,90E | 175 |
| Walter Tkaczuk 96–78 | 1971 | Altered | 9 | 91A,B,C | 176 |
| James A. Watson 34–77 | 1971 | Altered | 9 | 92A,B,C | 177 |
| Donald Westbrooke | 1973 | Altered | 9 | 93A,B,C | 178 |
| William E. White 268–77 | 1971 | Altered | 9 | 94A,B,C | 179 |
| Robert Whitlock 116–82 | 1975 | None | 9 | 47,128 | 180 |
| Juha M. & Susan E. Widing 35–77 | 1970 | None | 9 | 47,129 | 181 |
|  | 1971 | None | 9 | 47,130 | 182 |
| William E. & Cinda L. Wryozub 36–77 | 1971 | Altered | 9 | 95A,B,C | 183 |

## TABLE A

The cases and tax years listed below are still subject to dismissal on the ground of variance because the protest filed by Mr. Abrahams on February 20, 1973, did not reference these taxpayers or these tax years.

| Case Name | Tax Year | Paragraph of Complaint | Exhibit |
|---|---|---|---|
| Leslie J. & Elinore Binkley 420–77 | 1968 | 9(d) | Compl.Ex. B |
|  | 1969 | 9(d) | Compl.Ex. B |
|  | 1970 | 9(d) | Compl.Ex. B |
| Gary B. Bredin 421–77 | 1970 | 9(d) | Compl.Ex. B |
| Russell H. & Diana Gillow 423–77 | 1969 | 9(d) | Compl.Ex. B |
|  | 1970 | 9(d) | Compl.Ex. B |

| Case<br>Name | Tax<br>Year | Paragraph of<br>Complaint | Exhibit |
|---|---|---|---|
| Brian J.<br>Glenwright<br>259–77 | 1970 | 9(d) | Compl.Ex. B |
| | 1971 | 9(d) | Compl.Ex. B |
| Lucien S.J.<br>Grenier<br>222–77 | 1969 | 9(d) | Compl.Ex. B |
| | 1970 | 9(d) | Compl.Ex. B |
| | 1971 | 9(d) | Compl.Ex. B |
| Larry D. McNabb<br>302–77 | 1969 | 9(d) | Compl.Ex. B |

## TABLE B

The following taxpayers claims for refund for their 1967 and 1968 tax years are still subject to dismissal for variance because the informal amendment to the claim in the protest filed on February 20, 1973, was untimely filed, since it was filed more than three years after payment of the tax for the years listed.

| Case<br>Name | Tax<br>Year | Paragraphs<br>of<br>Complaint | Exhibits |
|---|---|---|---|
| Paul Andrea<br>518–76 | 1968 | 9(d) | Compl.Ex. B |
| William Barry &<br>Donna Ashbee<br>515–76 | 1968 | 9(d) | Compl.Ex. B |
| Douglas R. Barrie<br>53–77 | 1968 | 9(d) | Compl.Ex. B |
| Norman<br>Beaudin 519–76 | 1968 | 9(d) | Compl.Ex. B |
| Roger A.<br>Bellerie 54–77 | 1968 | 9(d) | Compl.Ex. B |
| Nicholas G. &<br>Joanne Beverley<br>520–76 | 1968 | 9(d) | Compl.Ex. B |
| John D. Blackburn<br>40–77 | 1968 | 9(d) | Compl.Ex. B |
| Ronald J. Boehm<br>521–76 | 1968 | 9(d) | Compl.Ex. B |
| Donald R. Brooks<br>137–78 | 1968 | 9(d) | Compl.Ex. B |
| Bryan A. Campbell<br>123–77 | 1968 | 9(d) | Compl.Ex. B |
| Richard &<br>Dianne Charron<br>23–77 | 1968 | 10(d) | Compl.Ex. B |
| Roger N. Cote<br>124–77 | 1968 | 9(d) | Compl.Ex. B |
| Douglas R. &<br>Carolyn Favell<br>526–76 | 1968 | 9(d) | Compl.Ex. B |
| Norman G.<br>Ferguson 88–77 | 1968 | 9(d) | Compl.Ex. B |

| Case Name | Tax Year | Paragraphs of Complaint | Exhibits |
|---|---|---|---|
| Jeanot Gilbert 6–77 | 1968 | 9(d) | Compl.Ex. B |
| Andre & Suzanne Gill 296–81 | 1968 | 9(d) | Compl.Ex. B |
| Larry J. & Alixe M. Hale 95–77 | 1968 | 9(d) | Compl.Ex. B |
| Theodore J. Hodgson 266–77 | 1968 | 9(d) | Compl.Ex. B |
| Edward A. & Margaret C. Hoekstra 562–82 | 1968 | 9(d) | Compl.Ex. B |
| Edward Irvine 233–77 | 1967 | 9(d) | Compl.Ex. B |
| Norman J. & Jo Anne Johnson 24–77 | 1968 | 9(d) | Compl.Ex. B |
| Dennis J. Kassian 125–77 | 1968 | 9(d) | Compl.Ex. B |
| Adam S. Keller 57–77 | 1968 | 9(d) | Compl.Ex. B |
| Kerry K. Ketter 126–77 | 1968 | 9(d) | Compl.Ex. B |
| Gary D. & Kathy A. Kurt 249–80 | 1968 | 9(d) | Compl.Ex. B |
| Francois Lacombe 26–77 | 1968 | 9(d) | Compl.Ex. B |
| Robert J. & Kathleen LeDuc 7–77 | 1968 | 9(d) | Compl.Ex. B |
| William A. Lesuk 528–76 | 1968 | 9(d) | Compl.Ex. B |
| Ross Lonsberry 234–77 | 1967 | 9(d) | Compl.Ex. B |
|  | 1968 | 9(d) | Compl.Ex. B |
| Gilles Marotte 531–76 | 1968 | 9(d) | Compl.Ex. B |
| Michael W. & Katherine McMahon 534–77 | 1968 | 9(d) | Compl.Ex. B |
| Larry R. Mickey 535–76 | 1968 | 9(d) | Compl.Ex. B |
| Garry M. Monahan 536–76 | 1968 | 9(d) | Compl.Ex. B |
| Wayne & Maxine Muloin 509–82 | 1968 | 9(d) | Compl.Ex. B |
| Harold R. Myers 537–76 | 1968 | 9(d) | Compl.Ex. B |
| Jack W. Norris 58–77 | 1968 | 9(d) | Compl.Ex. B |
| Michael & Maria Nykoluk 235–77 | 1968 | 9(d) | Compl.Ex. B |
| Marcel Paille 140–78 | 1968 | 9(d) | Compl.Ex. B |

| Case Name | Tax Year | Paragraphs of Complaint | Exhibits |
|---|---|---|---|
| Tracy A. Pratt 59–77 | 1968 | 9(d) | Compl.Ex. B |
| Gary Noel Price 27–77 | 1967 | 9(d) | Compl.Ex. B |
| | 1968 | 9(d) | Compl.Ex. B |
| Fernard J. & Ruth Rivard 287–77 | 1968 | 9(d) | Compl.Ex. B |
| Douglas G. Robinson 29–77 | 1967 | 9(d) | Compl.Ex. B |
| | 1968 | 9(d) | Compl.Ex. B |
| Dale Rolfe 30–77 | 1967 | 9(d) | Compl.Ex. B |
| Wayne A. & Sharyn Rutledge 31–77 | 1967 | 9(d) | Compl.Ex. B |
| Rodney Seiling 32–77 | 1968 | 9(d) | Compl.Ex. B |
| Robert A. & Karen Sneddon 33–77 | 1968 | 9(d) | Compl.Ex. B |
| Harold E. Snell | 1968 | 9(d) | Compl.Ex. B |
| Francis W. Speer 43–77 | 1968 | 9(d) | Compl.Ex. B |
| Frederick E & Linda L. Speck 42–77 | 1968 | 9(d) | Compl.Ex. B |
| Walter Tkaczuk 96–78 | 1968 | 9(d) | Compl.Ex. B |
| Ronald W. Walters 47–77 | 1968 | 9(d) | Compl.Ex. B |
| James A. Watson 34–77 | 1967 | 9(d) | Compl.Ex. B |
| Juha M. and Susan E. Widing 35–77 | 1968 | 9(d) | Compl.Ex. B |
| James A. Wiste 61–77 | 1968 | 9(d) | Compl.Ex. B |

## TABLE 5

No refund claim filed.

| Case Name | Tax Year | Paragraph of Complaint | Exhibits |
|---|---|---|---|
| Kenneth & Mary Block 142–77 | 1975 | 9 | 131 |
| Gary B. Bredin 421–77 | 1973 | 9 | 131 |
| Bruce J. Bullock 150–82 | 1977 | 9 | 131 |
| Richard & Dianne Charron 23–77 | 1973 | 9 | 131 |
| Terry E. Holbrook 484–77 | 1971 | 9 | 131 |
| | 1972 | 9 | 131 |

| Case Name | Tax Year | Paragraph of Complaint | Exhibits |
|---|---|---|---|
| Francois Lacombe 26–77 | 1976 | 9 | 131 |
| Robert & Susan Liddington 118–82 | 1977 | 9 | 131 |
| Mark W. Lomenda 118–82 | 1977 | 9 | 131 |
| Gilles Marotte 531–76 | 1969 | 9 | 131 |
| Eugene M. Peacosh 155–82 | 1977 | 9 | 131 |
| Fernand & Ruth Rivard 245–80 | 1975 | 9 | 131 |
| James & Angie Sherrit 299–81 | 1973 | 9 | 131 |
| Federick E. Speck 42–77 | 1971 | 9 | 131 |
| William E. Wyrozub 36–77 | 1972 | 9 | 131 |

## EXHIBIT II TO COURT ORDER DATED FEBRUARY 22, 1991

DOUGLAS R. FAVELL, JR., et al.,
No. 525–76T, et al.

### TABLE 3

No valid power of attorney accompanying the refund claim as required by Treasury Regulation 301.6402–2(e).

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| David A. Amadio 192–77 | 1971 | Altered | 9 | 48A,B,C | 90 |

The original power of attorney filed indicates it is for the years 1968, 1969, 1970 U.S. Personal Income Tax Returns. In the second power of attorney filed, the words "1971 U.S. Personal Income Tax Return" are inserted directly under the words "1968, 1969, 1970 U.S. Personal Income Tax Returns" as they appeared on the original power of attorney. Two different typesets are evident between the 1971 date and the other dates. The date of David Amadio's signature on both the original and the apparently altered form is March 1, 1972.[1]

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Ronald Anderson 136–78 | 1971 | None [2] | 8 | 47,96 | 91 |

1. On Exhibit Nos. 48B, 49B, 51B, 52B, 53C, 55B, 57B, 58B, 60B, 61B, 62B, 63B, 64B, 65B, 66B, 68B, 69B, 70B, 70C, 71B, 72B, 72C, 73B, 75B, 76B, 77B, 78B, 79B, 79C, 80B, 81B, 81C, 82B, 82C, 83B, 84B, 85C, 86B, 86C, 87A, 88B, 89C, 90B, 90C, 91B, 92B, 93B, 94B, 95B, of the apparently altered forms, the original name and address of Mr. Abrahams also has been crossed out, or just left as it was, but a new name and address has been stamped, not typed, on the page, presumably by plaintiffs' attorney, and not by any of the plaintiffs. In some of these cases, although the added stamp showed a new address for their attorney, Charles L. Abrahams, the address of the plaintiff, which read c/o Charles L. Abrahams, remained unaltered with Mr. Abrahams' old address.

2. The term "none" is used by the defendant on its Table 3 when defendant prepared it to indicate that the claim was not accompanied by any document indicating a power of attorney. The term "altered" was used by the defendant to challenge the validity of the power of attorney.

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Paul Andrea 518–76 | 1971 | Altered | 9 | 49A,B,C | 92 |

The original power of attorney filed indicates it is for the years 1968, 1969, 1970 U.S. Personal Income Tax Returns. In the second power of attorney filed, the words "1971 U.S. Personal Income Tax Return" are inserted directly under the words "1968, 1969, 1970 U.S. Personal Income Tax Returns" as they appeared on the original power of attorney. Two different typesets are evident. The date of Paul Andrea's signature on both the original and the apparently altered form is February 28, 1972.

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Terry J. & Leslie A. Ball 246–80 | 1974 | Altered | 9 | 50A,B,C | 93 |
| | 1975 | None | 9 | 47,97 | 94 |

The original power of attorney filed indicates it is for the years 1970 and 1971 U.S. Personal Income Tax Returns. In the second power of attorney filed, the words "1973 Personal Income Tax" and "1974 Personal Income Tax" are inserted under the words "1970 Personal Income Tax" and "1971 Personal Income Tax" as they appeared on the original power of attorney. The date of Terry Ball's signature on both the original and the apparently altered form is August 30, 1972.

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Douglas R. Barrie 53–77 | 1971 | Altered | 9 | 51A,C,D | 95 |

The original power of attorney filed indicates it is for the years 1968, 1969 and 1970 U.S. Personal Income Tax Returns. In the second power of attorney filed, the words "1971 U.S. Personal Income Tax Return" are inserted directly below the words "1970, 1968, 1969 U.S. Personal Income Tax Returns" as they appeared on the original power of attorney. Two different typesets are evident. The date of Douglas R. Barrie's signature on both the original and the apparently altered form is March 8, 1972.

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Curt A. & Susan C. Bennett 5–77 | 1971 | Altered | 9 | 52A,B,C | 96 |

The original power of attorney filed indicates it is for the year 1970 U.S. Personal Income Tax Return. In the second power of attorney filed, the words "1971 U.S. Personal Income Tax Return" are inserted directly below the words "1970 U.S. Personal Income Tax Return" as they appeared on the original power of attorney. Two different typesets are evident. The date of Curt Bennett's signature on both the original and the apparently altered form is March 2, 1972.

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Nicholas G. & Joanne Beverley 520–76 | 1970 | Altered | 9 | 53A,B,D | 97 |
| | 1971 | Altered | 9 | 53A,C,E | 98 |

The original power of attorney filed indicates it is for the years 1968 and 1969 U.S. Personal Income Tax Returns. In the second power of attorney filed, the word "1970" is inserted in different typeset and out of line in front of the words "1968 and 1969 United States Personal Income Tax" so that it now reads "1970, 1968 and 1969 United States Personal Income Tax," in somewhat unorthodox order. In the third power of attorney filed for the 1971 tax year, the words "1971 United States Personal Income Tax" are inserted below the words "1970, 1968 and 1969 United States Personal Income Tax" as they appear on the apparently, previously, altered form. The date of Nicholas G. Beverley's signature on both the original and the two apparently altered forms in each case is November 5, 1971.

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Wayne R. Bianchin 347–82 | 1975 | None | 8 | 47,98 | 99 |
| Lawrence I. Bignell 32–78 | 1971 | Altered | 10 | 54A,B,C | 100 |

The original power of attorney filed indicates it is for the years 1968, 1969, 1970 U.S. Personal Income Tax Returns. In the second power of attorney filed, the words "1971

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|

U.S. Personal Income Tax" are inserted below the words "1968, 1969, 1970 U.S. Personal Income Tax" as they appeared on the original power of attorney. The date of Lawrence I. Bignell's signature on both the original and the apparently altered form is March 15, 1972.

| | | | | | |
|---|---|---|---|---|---|
| John D. Blackburn 40–77 | 1971 | None | 9 | 47,99 | 101 |
| Ronald J. Boehm 521–76 | 1971 | Altered | 9 | 55A,B,C | 102 |

The original power of attorney filed indicates it is for the years 1968, 1969, 1970 U.S. Personal Income Tax Returns. In the second power of attorney filed, the words "1971 U.S. Personal Income Tax" are inserted below the words "1968, 1969 and 1970 U.S. Personal Income Tax" as they appeared on the original power of attorney. Two different typesets are evident. The date of Ronald J. Boehm's signature on both the original and the apparently altered form is August 4, 1971.

| | | | | | |
|---|---|---|---|---|---|
| Bruce J. Bullock 150–82 | 1975 | None | 9 | 47,100 | 103 |
| Lawrence & Elaine Cahan 422–77 | 1971 | Altered | 9 | 56A,B,C | 104 |

The original power of attorney filed indicates it is for the years 1967 and 1970 U.S. Personal Income Tax Returns. In the second power of attorney filed, the words "U.S. Personal Income Tax for 1971" are inserted below the words "U.S. Personal Income Tax for 1967" and "U.S. Personal Income Tax for 1970" as they appeared on the original power of attorney. The signature and date appear to be the same on both the original and the apparently altered form. However, only the month, March, is legible.

| | | | | | |
|---|---|---|---|---|---|
| Bryan A. Campbell 123–77 | 1971 | Altered | 9 | 57A,B,C | 105 |

The original power of attorney filed indicates it is for the years 1968 and 1969 U.S. Personal Income Tax Returns. In the second power of attorney filed, the words "1970 U.S. Personal Income Tax Returns" and "1971 U.S. Personal Income Tax Returns" are inserted below the words "1968 and 1969 U.S. Personal Income Tax Returns" as they appeared on the original power of attorney. Two (possibly three) different typesets are evident. The date of Bryan Campbell's signature on both the original and the apparently altered form is February 28, 1972.

| | | | | | |
|---|---|---|---|---|---|
| Richard & Dianne Charron 23–77 | 1972 | Altered | 10 | 58A,B,C | 106 |

The original power of attorney filed indicates it is for the years 1968, 1969, and 1970 U.S. Personal Income Tax Returns. In the second power of attorney filed, the words "1971 U.S. Individual Income Tax" and "1972 U.S. Individual Income Tax" are inserted below the words "1968, 1969 and 1970 U.S. Individual Income Taxes" as they appeared on the original power of attorney. Two different typesets are evident. The date of Richard Charron's signature on both the original and the apparently altered form is January 21, 1972.

| | | | | | |
|---|---|---|---|---|---|
| Wesley R. Clearwater 117–78 | 1971 | Altered | 9 | 59A,B,C | 107 |

The original power of attorney filed indicates it is for the years 1969 and 1970 U.S. Personal Income Returns. In the second power of attorney filed, the words "1971 U.S. Personal Income Tax Return" are inserted below the words "1969 & 1970 U.S. Personal Income Tax Return" as they appeared on the original power of attorney. Two different typesets are evident. The date of Wesley Clearwater's signature on both the original and the apparently altered form is May 24, 1972.

| | | | | | |
|---|---|---|---|---|---|
| Roger N. Cote 124–77 | 1971 | Altered | 9 | 60A,B,C | 108 |

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|

The original power of attorney filed indicates it is for the years 1968, 1969, 1970 U.S. Personal Income Tax Returns. In the second power of attorney filed, the words "1971 U.S. Personal Income Tax" are inserted directly under the words "1968, 1969, 1970 U.S. Personal Income Tax" as they appeared on the original power of attorney. Two different typesets are evident. The date of Roger N. Cote's signature on both the original and the apparently altered form is February 25, 1972.

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Douglas R. & Carolyn Favell 526–76 | 1971 | Altered | 9 | 61A,B,C | 109 |

The original power of attorney filed indicates it is for the year 1969 U.S. Personal Income Tax Return. In the second power of attorney filed, the words "1971 U.S. Personal Income Tax" are inserted directly under the words "1969 U.S. Personal Income Tax" as they appeared on the original power of attorney. Two different typesets are evident. The date of Douglas R. Favell's signature on both the original and the apparently altered form is June 28, 1971.

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Germain & Rejeanne Gagnon 470–82 | 1974 | None | 9 | 47,101 | 110 |
|  | 1975 | None | 9 | 47,102 | 111 |
| Ronald V. & Geneive Garwasiuk 117–82 | 1975 | None | 9 | 47,103 | 112 |
| Brian J. Gibbons 98–78 | 1971 | Altered | 9 | 62A,B,C | 113 |

The original power of attorney filed indicates it is for the years 1968, 1969, and 1970 U.S. Personal Income Tax Returns. In the second power of attorney filed, the words "1971 U.S. Personal Income Tax Return" are inserted under the words "1968, 1969, 1970 U.S. Personal Income Tax Returns" as they appeared on the original power of attorney. Two different typesets are evident. The date of Brian J. Gibbons's signature on both the original and the apparently altered form is February 26, 1972.

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Lucien S.J. Grenier 222–77 | 1971 | None | 9 | 47,104 | 114 |
| Larry J. & Alixe M. Hale 95–77 | 1971 | None | 9 | 47,105 | 115 |
| Edward A. & Margaret C. Hoekstra 562–82 | 1973 | Altered | 9 | 63A,B,C | 116 |
|  | 1974 | Altered | 9 | 63A,B,D | 117 |

The original power of attorney filed indicates it is for the years 1968, 1969, 1970 U.S. Personal Income Tax Returns. In the second power of attorney filed, the words "1973 Personal Income Tax" and "1974 Personal Income Tax" are inserted (on two separate lines, whereas 1968, 1969 and 1970 were together on one line) under the words "1968, 1969, 1970 U.S. Personal Income Tax" as they appeared on the original power of attorney. The date of Edward Hoekstra's signature on both the original and the apparently altered forms is March 23, 1972.[3]

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Ronald E. & Joanne K. Huston 342–82 | 1974 | None | 9 | 47,106 | 118 |
|  | 1975 | None | 9 | 47,107 | 119 |

3. Although the print size of the forms appear to be different on the two forms included in the defendant's exhibits, it would appear that the difference was caused by xerox maximization. The plaintiff's signature appears to be in exactly the same place. This is the case in a couple of other instances as well, but is not grounds for the court to conclude that the forms are different.

| Case<br>Name | Tax<br>Year | Type of<br>Defect | Paragraph<br>of<br>Complaint | Exhibits | Proposed<br>Finding |
|---|---|---|---|---|---|
| Michael<br>Hyndman 537–83 | 1974 | Altered | 9 | 64A,B,C | 120 |

The original power of attorney filed indicates it is for the years 1970, 1971, 1972 and 1973 U.S. Personal Income Tax Returns. In the second power of attorney filed, the words "1974 U.S. Personal Income Tax" are inserted under the words "1970, 1972, 1972 Personal Income Tax" and "1973 Personal Tax Return" as they appeared on the original power of attorney. The date of Michael Hyndman's signature on the original and the apparently altered form is January 7, 1974.

| | | | | | |
|---|---|---|---|---|---|
| William J. &<br>Jeris K.<br>Inglis 341–82 | 1973 | None | 9 | 47,108 | 121 |
| | 1975 | None | 9 | 47,109 | 122 |
| Edward Irvine<br>233–77 | 1971 | Altered | 9 | 65A,B,C | 123 |

The original power of attorney filed indicates it is for the years 1967 and 1970 U.S. Personal Income Tax Returns. In the second power of attorney filed, the words "1971 U.S. Personal Income Tax" are inserted directly under the words "1967 U.S. Personal Income Tax" and "1970 U.S. Personal Income Tax" as they appear on the earlier power of attorney. Two different typesets are evident between the 1971 date and the 1967 date. The date of Edward Irvine's signature on both the original and the apparently altered form is April 15, 1971.

| | | | | | |
|---|---|---|---|---|---|
| Norman J. &<br>Jo Anne<br>Johnson 24–77 | 1971 | Altered | 9 | 66A,B,C | 124 |

The original power of attorney filed indicates it is for the years 1968 and 1969 U.S. Personal Income Tax Returns. In the second power of attorney filed, the words "1970 U.S. Personal Income Tax" and "1971 U.S. Personal Income Tax" are inserted directly under the words "1968 and 1969 U.S. Personal Income Tax." The years 1970 and 1971 appear on separate lines, whereas 1968 and 1969 appear on the same line, as they appeared on the original power of attorney. Two different typesets are evident. The date of Norman J. Johnson's signature on both the original and the apparently altered form is March 23, 1972.

| | | | | | |
|---|---|---|---|---|---|
| Joseph B. &<br>Lynda L.<br>Junkin 429–77 | 1971 | Altered | 9 | 67A,B,C | 125 |
| | 1973 | None | 9 | 47,110 | 126 |

The original power of attorney filed indicates it is for the year 1970 U.S. Personal Income Tax Return. In the second power of attorney filed, the words "1971 U.S. Personal Income Tax Return" are inserted under the words "1970 U.S. Personal Income Tax Return" as they appeared on the original power of attorney. Two different typesets are evident. The date of Joseph B. Junkin's signature on both the original and the apparently altered form is April 12, 1974.

| | | | | | |
|---|---|---|---|---|---|
| Gordon C.<br>Kannegiesser<br>226–78 | 1970 | None | 9 | 47,111 | 127 |
| Dennis J.<br>Kassian 125–77 | 1971 | Altered | 9 | 68A,B,C | 128 |

The original power of attorney filed indicates it is for the years 1968, 1969 and 1970 U.S. Personal Income Tax Returns. In the second power of attorney filed, the words "1971 U.S. Personal Income Tax Return" are inserted directly under the words "1968, 1969, 1970 U.S. Personal Income Tax Returns" as they appeared on the original power of attorney. Two different typesets are evident between the 1971 date and the other dates. The date of Dennis Kassian's signature on both the original and the apparently altered form is March 1, 1972.

| | | | | | |
|---|---|---|---|---|---|
| John R.<br>Kelly 94–78 | 1973 | Altered | 9 | 69A,B,C | 129 |

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|

The original power of attorney filed indicates it is for the year 1971 U.S. Personal Income Tax Returns. In the second power of attorney filed, the words "1973 U.S. Personal Income Tax Return" are inserted below the words "1971 U.S. Personal Income Tax Return" as they appeared on the original power of attorney. Both the original and altered forms are signed by J. Robert Kelly and Elsie M. Kelly. Neither set of signatures on the original and apparently altered form are dated.

| | | | | | |
|---|---|---|---|---|---|
| Philip Krake 283–77 | 1970 | None | 9 | 47,112 | 130 |
| | 1971 | None | 9 | 47,113 | 131 |
| Gary D. & Kathy A. Kurt 249–80 | 1973 | Altered | 9 | 70A,B,D | 132 |
| | 1974 | Altered | 9 | 70A,C,E | 133 |

The original power of attorney filed indicates it is for the year 1969 U.S. Personal Income Tax Return. In the second power of attorney filed for 1973, the words "1973 U.S. Personal Income Tax" are inserted below the words "1969 U.S. Personal Income Tax Return" as they appeared on the original power of attorney. In the third power of attorney filed for 1974, the words "1974 U.S. Personal Income Tax" are inserted below the words that were inserted for the 1973 tax year. The date of Gary D. Kurt's signature on the original and the two apparently altered forms is May 10, 1972.

| | | | | | |
|---|---|---|---|---|---|
| Gordon W. Labossiere 120–78 | 1971 | Altered | 9 | 71A,B,C | 134 |

The original power of attorney filed indicates it is for the years 1968, 1969, 1970 U.S. Personal Income Tax Returns. In the second power of attorney filed, the words "1971 Personal Income Tax" are inserted below the words "1968, 1969, 1970 Personal Income Tax Years" as they appeared on the original power of attorney. The date of Gordon Labossiere's signature on both the original and the apparently altered form is March 22, 1973. Two different typesets are also evident.

| | | | | | |
|---|---|---|---|---|---|
| Yvon J. & Janice L. Labre 152–82 | 1975 | None | 9 | 47,114 | 135 |
| Robert J. & Kathleen LeDuc 7–77 | 1970 | Altered | 9 | 72A,B,D | 136 |
| | 1971 | Altered | 9 | 72A,C,E | 137 |

The original power of attorney filed indicates it is for the years 1968 and 1969 U.S. Personal Income Tax Returns. The powers of attorney, as included in the exhibits, for this plaintiff create a somewhat confusing picture. What makes them suspicious, however, and subject to the conclusion that the second and third forms were probably altered, and submitted without the plaintiff re-signing the form, after the plaintiff signed the original is that the same date, August 22, 1971, appears on all of them. This is true, although the date is also written just slightly differently, and the signature, although it appears on all three forms, is placed slightly differently on the lines of the three forms. In the second power of attorney filed for 1970, the words "1970 U.S. Personal Income Tax" are inserted below the words "1968 and 1969 U.S. Personal Income Tax" as they appear on the original power of attorney. Two different typesets are evident. In the third power of attorney filed for 1971, the words "1971 U.S. Personal Income Tax" are inserted below the words "1968 and 1969 U.S. Personal Income Tax" as they appear on the original form. On the third power of attorney, however, the words "1970 U.S. Personal Income Tax" have been removed, and the words "1971 Personal Income Tax," in a different typeset, appear to have been inserted in the same place.

| | | | | | |
|---|---|---|---|---|---|
| William A. Lesuk 528–76 | 1971 | Altered | 9 | 73A,B,C | 138 |

The original power of attorney filed indicates it is for the years 1968, 1969 and 1970 U.S. Personal Income Tax Returns. In the second power of attorney filed, the words "1971 U.S. Personal Income Tax" are inserted below the words "1968, 1969, and 1970 U.S.

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|

Personal Income Tax" as they appeared on the original power of attorney. The inserted words are typed in capital letters, while the words on the original form are typed in lower case letters. The date of William Lesuk's signature on both the original and the apparently altered form is January 22, 1972.

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Mark W. & Janice M. Lomenda 118–82 | 1976 | None | 9 | 74A,B,C | 139 |
| Gilles Marotte 531–76 | 1971 | Altered | 9 | 75A,B,C | 140 |

The original power of attorney filed indicates it is for the years 1969 and 1970 U.S. Personal Income Tax Returns. In the second power of attorney filed, the words "1971 Personal U.S. Income Tax" are inserted below the words "U.S. Personal Income Tax for 1969" and "1970 Personal U.S. Income Tax" as they appeared on an earlier form. Two different typesets are evident. The date of Gilles Marotte's signature on both the original and the apparently altered form is not readable on the photocopies in the Appendix or may be totally absent. There are some marks on the space where the date should appear.

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Richard A. & Micheline Matiussi 119–82 | 1971 | None | 9 | 47,115 | 141 |
|  | 1973 | None | 9 | 47,116 | 142 |
| Duncan S. McCallum 95–78 | 1973 | None | 9 | 47,117 | 143 |
| Ray O. McKay 532–76 | 1972 | None | 9 | 47,118 | 144 |
| Donald McLeod 533–76 | 1972 | Altered | 9 | 76A,B,C | 145 |
| 347–89 | 1973 | None | 8 | 47,119 | 146 |

The original power of attorney filed indicates it is for the years 1968, 1969, and 1970 U.S. Personal Income Tax Returns. For this plaintiff, the defendant mistakenly wrote the year "1972" in its Table 3, but set forth evidence to show that the power of attorney for 1971 was altered. The court took notice of this error and examined the power of attorney for 1971. On the form, the words "1971 tax return" are inserted below the words "1968, 1969 and 1970 tax returns" as they appeared on the original power of attorney. Two different typesets are evident. The date of Donald McLeod's signature on both the original and the apparently altered form is December 30, 1971.

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Barry Merrell 145–77 | 1971 | Altered | 9 | 77A,B,C | 147 |

The original power of attorney filed indicates it is for the years 1969 and 1970 U.S. Personal Income Tax Returns. In the second power of attorney filed, the words "1971 U.S. Personal Income Tax" are inserted below the words "1969 and 1970 Personal U.S. Income Tax" as they appear on the original power of attorney. Two different typesets are evident. The date of Barry Merrell's signature on both the original and the apparently altered form is May 26, 1972.

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Larry R. Mickey 535–76 | 1970 | None | 9 | 47,120 | 148 |
| James S. Morrison 304–77 | 1971 | Altered | 9 | 78A,B,C | 149 |

The original power of attorney filed indicates it is for the years 1968, 1969, 1970 U.S. Personal Income Tax Returns. In the second power of attorney filed, the words "1971 U.S. Personal Income Tax" are inserted below the words "1968, 1969, 1970 U.S. Personal Income Tax Returns" as they appear on the original power of attorney. Two different typesets are evident. The date of James S. Morrison's signature on both the original and the apparently altered form is February 21, 1972.

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Wayne & Maxine Muloin 509–82 | 1976 | None | 9 | 47,121 | 150 |
| Neils R. Mortenson 122–78 | 1971 | Altered | 9 | 79A,B,D | 151 |
| | 1973 | Altered | 9 | 79A,C,E | 152 |

The original power of attorney filed indicates it is for the years 1969 and 1970 U.S. Personal Income Tax Returns. In the second power of attorney filed for 1971, the words "1971 U.S. Personal Income Tax" are inserted below the words "1969 and 1970 U.S. Personal Income Tax" as they appear on the original power of attorney. Two different typesets are evident. In the third power of attorney filed for 1973, the words "1973 U.S. Personal Income Tax" are inserted below the words that were inserted on the 1971 form in typeset that matches that of the 1971 addition, not on the original power of attorney for the years 1969 and 1970. The date of the signature of Neils R. Mortenson on all three forms is May 3, 1972.

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Terry R. Murray 228–78 | 1972 | None | 9 | 47,122 | 153 |
| Neil A. Nicholson 86–77 | 1971 | Altered | 9 | 80A,B,C | 154 |

The original power of attorney filed indicates it is for the year 1970 U.S. Personal Income Tax Return. In the second power of attorney filed, the words "1971 U.S. Personal Income Tax" are inserted below the words "1970 U.S. Personal Income Tax" as they appear on the original power of attorney. The date of Neil A. Nicholson's signature on both the original and the apparently altered form is December 1, 1971.

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Jack W. Norris 58–77 | 1970 | Altered | 9 | 81A,B,D | 155 |
| | 1971 | Altered | 9 | 81A,C,E | 156 |

The original power of attorney filed indicates it is for the years 1968 and 1969 U.S. Personal Income Tax Returns. In the second power of attorney filed for 1970, the words "1970 U.S. Personal Income Tax" are inserted below the words "1968 and 1969 U.S. Personal Income Tax" as they appear on the original power of attorney. Two different typesets are evident and the signature and date appear identical on these two forms. In the third power of attorney filed for 1971, however, the words "1971 U.S. Personal Income Tax" are inserted below the words "1968 and 1969 U.S. Personal Income Tax" in the place where the words "1970 U.S. Personal Income Tax" had been inserted on the second form. Two different typesets are evident. The date of Jack W. Norris' signature on the original and the two apparently altered forms is June 23, 1971 in each case, but both the signature and the date of the third form appears just slightly different from the other two forms.

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Marcel Paille 140–78 | 1971 | Altered | 9 | 82A,B,D | 157 |
| | 1973 | Altered | 9 | 82A,C,E | 158 |

The original power of attorney filed indicates it is for the years 1968, 1969, and 1970 U.S. Personal Income Tax Returns. In the second power of attorney for 1971, the words "1971 Tax Return" are inserted below the words "1968, 1969 and 1970 U.S. Personal Income Tax Returns" as they appear on the original power of attorney. Two different typesets are evident. In the third power of attorney filed for 1973, the words "1973 Personal Income Tax" are inserted below the words that were inserted on the 1971 form in typeset that matches that of the 1971 addition. The date of Marcel Paille's signature on the original and the two apparently altered forms is December 1, 1971.

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Eugene M. & Dianne V. Peacosh 155–82 | 1976 | None | 9 | 47,123 | 159 |

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Robert N. & Linda G. Poffenroth 33–78 | 1971 | None | 8 | 47,123 | 160 |
| Tracy A. Pratt 59–77 | 1971 | None | 9 | 47,125 | 161 |
| Gary Noel Price 27–77 | 1970 | Altered | 9 | 83A,83B,83C | 162 |

The original power of attorney filed indicates it is for the years 1967, 1968 and 1969 U.S. Personal Income Tax Returns. In the second power of attorney filed, the words "1970 U.S. Personal Income Tax" are inserted below the words "1967, 1968 and 1969 U.S. Personal Income Tax" as they appear on the original power of attorney. Two different typesets are evident. The date of Gary Noel Price's signature on both the original and the apparently altered form is April 1, 1971.

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Richard F. & Maragret Proceviat 98–82 | 1973 | None | 9 | 47,126 | 163 |
| Matthew J. Ravilich 141–77 | 1971 | Altered | 9 | 84A,84B,84C | 164 |

The original form states "1968 U.S. Personal Income Tax" and "1970 U.S. Personal Income Tax." The 1971 form also states "1968 U.S. Personal Income Tax." However, the 1971 form substitutes "1971 U.S. Personal Income Tax" in the exact place where the original form states "1970 U.S. Personal Income Tax." Two different typesets are evident. The date of Matthew J. Ravilich's signature on both the forms is November 2, 1971, although the signatures appear to be just slightly different.

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Fernand J. & Ruth Rivard 28–77 | 1970 | Altered | 9 | 85A,85B,85D | 165 |
| | 1972 | Altered | 9 | 85A,85C,85E | 166 |

The original power of attorney filed indicates it is for the year 1968 U.S. Personal Income Tax Return. In the second power of attorney filed for 1970, the words "1970 Tax Year—Personal Income Tax" are inserted below the words "1968 Tax Year—Personal Income Tax" as they appear on the original power of attorney. The third power of attorney filed, for 1971, the words "1971 Tax Year—Personal Income Tax" and "1972 Tax Year—Personal Income Tax" are inserted below the words that were added on the 1970 form. The date of Fernand Rivard's signature on the original and two apparently altered forms is either missing or unclear.

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Wayne A. & Sharyn Rutledge 31–77 | 1970 | Altered | 9 | 86A,86B,86D | 167 |
| | 1971 | Altered | 9 | 86A,86C,86E | 168 |

The original power of attorney filed indicates it is for the year 1967 U.S. Personal Income Tax Return. In the second power of attorney filed, for 1970, the words "1970 U.S. Personal Income Tax" are inserted below the words "1967 U.S. Personal Income Tax" as they appear on the original power of attorney. Two different typesets are evident. In the third power of attorney filed, for 1971, the word "1971" is inserted in front of the words that were inserted on the original 1970 form to read "1971 and 1970 U.S. Personal Income Tax." The date of Wayne A. Rutledge's signature on the original and the two apparently altered forms is April 12, 1971.

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Wayne and Joyce Schultz 21–78 | 1971 | Altered | 9 | 87A,87B,87C | 169 |

In the power of attorney for 1971, the words "1971 Tax Year—Personal Income Tax" are inserted in different type below the words "1969 and 1970 Tax Years—Personal Income Tax." This appears to be the second of two powers of attorney, if this exhibit is consistent with all the others, but the first power of attorney was not included in the exhibits contained in the Appendix.

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|
| Robert A. & Karen Sneddon 33–77 | 1971 | Altered | 9 | 88A,88B,88C | 170 |

The original power of attorney filed indicates it is for the year 1968 U.S. Personal Income Tax Returns. In the second power of attorney filed, the words "1971 Tax Year—Personal Income Tax" are inserted below the words "1968 Tax Year—Personal Income Tax" as they appear on the original form. Two different typesets are evident. The line for date of Robert A. Sneddon's signature on both the original and the apparently altered form was not filled in on either form.

| Harold E. Snell 41–77 | 1971 | None | 9 | 47,127 | 171 |
| Francis W. Speer 43–77 | 1969 | Altered | 9 | 89A,89B,89D | 172 |
|  | 1971 | Altered | 9 | 89A,89C,89E | 173 |

The 1968 original power of attorney states "1968 U.S. Personal Income Tax." In the second power of attorney filed, for 1969, the words "1969 U.S. Personal Income Tax" are written under the words "1968 U.S. Personal Income Tax" as they appeared on the original power of attorney. In the third power of attorney filed, the words "1969 and 1970 U.S. Personal Income Tax" are inserted right below the 1968 entry in place of the words "1969 U.S. Personal Income Tax." Then below this newly formed entry, in the third power of attorney, the words "1971 US. Personal Income Tax" were also inserted. Two typesets are evident on the third form with the 1971 entry on it. The date of Francis W. Speer's signature on all three forms is August 23, 1971. Whereas, forms Exhibits 89A and 89C of Appendix B appear identical, the signature and date on the second form, 89B may be just slightly different.

| Peter & Gail Stemkowski 482–86 | 1973 | Altered | 9 | 90A,90B,90D | 174 |
|  | 1974 | Altered | 9 | 90A,90C,90E | 175 |

The original power of attorney filed indicates it is for the years 1968, 1969, and 1970 U.S. Personal Income Tax Returns. In the second power of attorney filed, for 1973, the words "1973 U.S. Personal Income Tax" are inserted below the words "1968, 1969, 1970 U.S. Personal Income Tax" as they appear on the original power of attorney. In the third power of attorney filed, for 1974, the words "1974 Personal Income Tax" are inserted below the words that were added to the original form on the 1973 form. The date of Peter Stemkowski's signature on all three forms is February 25, 1972.

| Walter Tkaczuk 96–78 | 1971 | Altered | 9 | 91A,B,C | 176 |

The original power of attorney filed indicates it is for the years 1968, 1969, and 1970 U.S. Personal Income Tax Returns. The words "1971 Tax Year—Personal Income Tax" are inserted below the words "1968 Tax Year—Personal Income Tax" and "1969 and 1970 Tax Year—Personal Income Tax" as they appeared on the original power of attorney. Two different typesets are evident. The date of Walter Tkaczuk's signature on both the original and the apparently altered forms is June 1, 1972.

| James A. Watson 34–77 | 1971 | Altered | 9 | 92A,B,C | 177 |

The original power of attorney filed indicates it is for the years 1967, 1968, and 1969 U.S. Personal Income Tax Returns. The words "1971 U.S. Personal Income Tax" are written below the same words that appear on the earlier form: "1967, 1968 and 1969 U.S. Personal Income Tax." Two different typesets are evident. The date of James A. Watson's signature on both forms is April 12, 1971, although the signatures and dates appear just slightly different.

| Donald Westbrooke | 1973 | Altered | 9 | 93A,B,C | 178 |

The original power of attorney filed indicates it is for the years 1968, 1969 and 1970 U.S. Personal Income Tax Returns. The words "1973 Personal Income Tax" are inserted

| Case Name | Tax Year | Type of Defect | Paragraph of Complaint | Exhibits | Proposed Finding |
|---|---|---|---|---|---|

below the words "1968, 1969 and 1970 U.S. Individual Income Taxes" as they appear on the original power of attorney. Two different typesets are evident. The date of Donald Westbrooke's signature on both the original and the apparently altered forms is January 21, 1972.

| William E. White 268–77 | 1971 | Altered | 9 | 94A,B,C | 179 |

The original power of attorney filed indicates it is for the years 1968 and 1970 U.S. Personal Income Tax Returns. The words "and 1971" are inserted, slightly out of line, but beside the words "U.S. Personal Income Tax for 1970" and below the words "U.S. Personal Income Tax for 1968" as they appear on the original power of attorney. Two different typesets are evident. The date of William E. White's signature on both the original and the apparently altered forms appears the same and, although difficult to read on the duplicated copy, appears to be February 26, 1970.

| Robert Whitlock 116–82 | 1975 | None | 9 | 47,128 | 180 |
| Juha M. & Susan E. Widing 35–77 | 1970 | None | 9 | 47,129 | 181 |
|  | 1971 | None | 9 | 47,130 | 182 |
| William E. & Cinda L. Wryozub 36–77 | 1971 | Altered | 9 | 95A,B,C | 183 |

The original power of attorney filed indicates it is for the year 1970 U.S. Personal Income Tax Return. The words "1971 U.S. Personal Income Tax" were inserted below the words "1970 U.S. Personal Income Tax Returns" as they appear on the original power of attorney. The date of William E. (Randy) Wryozub's signature on both the original and the apparently altered forms is May 10, 1972.